IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRANDON DAVON GANT　　　　　　＊

Plaintiff　　　　　　　　　　　　　＊

v.　　　　　　　　　　　　　　　　＊　　　Civil Action No. PWG-17-3405

DEPT OF PUBLIC SAFETY　　　　　＊
　AND CORRECTIONAL SERVICES,
OFFICER JORDAN,　　　　　　　　＊
OFFICER FASHAE, and
OFFICER OLAKANYE　　　　　　　＊

Defendants　　　　　　　　　　　＊
　　　　　　　　　　　　　　　　***

## MEMORANDUM OPINION

In response to Plaintiff Brandon Davon Gant's civil rights complaint, ECF No. 1, Defendants Department of Public Safety and Correctional Services, Sergeant Robert Jordan, Correctional Officer II Adele Olakanya and Correctional Officer II Oluwasegun Fashae filed a Motion to Dismiss or for Summary Judgment. ECF No. 13. Plaintiff Brandon Gant was advised of his right to file an Opposition and of the consequences of failing to do so, ECF No. 14, but has not filed anything in response to the Defendants' motion. For the reasons that follow, Defendants' motion, construed as a Motion for Summary Judgment, shall be granted. No hearing is necessary to resolve the matters pending. *See* Loc. R. 105.6 (D. Md. 2016).

### Background

Gant, a prisoner confined to Jessup Correctional Institution (JCI), alleges that on the morning of October 24, 2017, he was taken to a room where disciplinary hearings are held and strip-searched without explanation by Defendants Jordan, Olakanye and Fashae. Compl. 2–3. Gant admits he "protested a little" and as a result was placed in handcuffs and told by Jordan if he refused again "it would be done for [him]." *Id.* at 3. Gant states he followed the orders given

because he did not want "to be violated any further." *Id.* He claims that, despite his compliance, all three officers then "slammed [Gant] on [his] neck and shoulder and began twisting [his] arms and legs," causing him "extreme pain." *Id.* Gant states that he had been stabbed six months prior to this incident in his neck and shoulder area. *Id.* He also claims that the officers physically searched him, which made him feel "sexually violated." *Id.* Although he states that the officers recovered nothing, he also states he was placed on lock-up and issued a ticket at 2:00 p.m. for "a green leafy substance," which he claims he did not possess. *Id.*

Defendants do not dispute Gant's allegation that he was escorted to the adjustment hearing room where a strip search was conducted, but insist that they did not touch him other than to remove and replace his handcuffs, and that he declined any medical examination after the search. Jordan Decl., ECF No. 13-3; Olakanya Decl. 2, ECF No. 13-4; Fashae Decl. 2, ECF No. 13-5. They also assert that they conducted the strip search in accordance with established directives. *See* Fitch Decl. & Prison Recs. 44, ECF No. 13-2 (excerpt of Executive Directive OPS 110.0047).

Fashae issued a notice of inmate rule violation for possession of contraband, which was determined to be synthetic cannabis. Fitch Decl. & Prison Recs. 2, 11, 28, 30, ECF No. 13-2. At the disciplinary hearing, Gant pled guilty to possession of a controlled dangerous substance with intent to distribute. As a result he received a sentence of 90 days segregation and 90 days lost good conduct time. *Id.* at 32-41.

Gant claims that the next morning he awoke with severe pain and numbness on his left side and he filed a sick call slip and an administrative remedy procedure (ARP) complaint, but was not seen until two weeks later. Compl. 3. Yet the medical records show that Gant was seen by medical staff on the day following the incident and did not complain about injuries sustained

2

day before. Med. Recs. 27, ECF No. 13-7. He did complain on November 7 and 8, 2017, however. *Id.* at 22, 25. According to Gant, when he was seen by the doctor, he was told he had severe nerve damage and would need an x-ray. Compl 3. He alleges that, as of the date he filed the complaint (November 15, 2017), he had not received "proper medical attention." *Id.*

The record shows that Gant did file an ARP, claiming that Defendants physically searched his rectum and forced his buttocks apart. Fitch Decl. & Prison Recs. 3-7. His claim was investigated on November 7, 2017 and determined to be without merit. *Id.* Gant did not appeal the dismissal of his ARP to the Inmate Grievance Office (IGO). Fitch Decl. & Prison Recs.

Gant alleges that the named Defendants used excessive force in violation of his Eighth Amendment right to remain free from cruel and unusual punishment. Compl. 4. He claims Defendants sexually assaulted him in violation of his Fifth Amendment rights and exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment. As relief, Gant seeks monetary damages. *Id.* at 2.

Defendants argue that Gant has failed to allege a claim of constitutional rights violation regarding use of force; that the Department of Public Safety and Correctional Services (DPSCS) is entitled to Eleventh Amendment immunity; the complaint must be dismissed due to Gant's failure to exhaust administrative remedies; and Gant has failed to demonstrate that Defendants were deliberately indifferent to a serious medical need. Defs.' Mem.

**Standard of Review**

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ... admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 & n.10 (1986). When considering cross-motions for summary judgment, "the court must view each motion in a light most favorable to the non-movant." *Linzer v. Sebelius*, No. AW-07-597, 2009 WL 2778269, at *4 (D. Md. Aug. 28, 2009); *see Mellen v. Bunting*, 327 F.3d 355, 363 (4th Cir. 2003). I view the relevant facts in the light most favorable to Gant as the party opposing summary judgment. *See Mellen v. Bunting*, 327 F.3d 355, 363 (4th Cir. 2003); *Lynn v. Monarch Recovery Mgmt., Inc.*, No. WDQ-11-2824, 2013 WL 1247815, at *1 n.5 (D. Md. Mar. 25, 2013).

## Analysis

### Claims against DPSCS

Gant brings his claims pursuant to 42 U.S.C. § 1983. Section 1983 provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. *See* 42 U.S.C. § 1983 (2012); *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 707 (1999). The statute states:

> Every *person* who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (emphasis added). "To state a claim under Section 1983, a plaintiff must allege that: 1) a right secured by the Constitution or laws of the United States was violated and 2) the alleged violation was committed by a *person* acting under the color of state law." *Peters v. City*

*of Mount Rainier*, No. GJH-14-00955, 2016 WL 1239921, at *4 (D. Md. Mar. 24, 2016) (emphasis added) (quoting *Brown v. Bailey*, 2012 WL 2188338, at *5 (D. Md. June 13, 2012)), *aff'd sub nom. Peters v. Caplan*, 672 F. App'x 327 (4th Cir. 2017); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). This requirement must be considered before the Court addresses immunity. *Lawson v. Green*, No. TDC-16-2946, 2017 WL 3638431, at *4 (D. Md. Aug. 23, 2017).

State agencies such as DPSCS, *see* Md. Code. Ann., Corr. Servs. § 1-101(f), "are not persons within the meaning of the statute." *Lawson*, 2017 WL 3638431, at *4 (citing *Will*, 491 U.S. at 70); *see also Clark v. Md. Dep't of Pub. Safety & Corr. Servs.*, 316 F. App'x 279, 282 (4th Cir. 2009) ("[T]he Maryland Department of Public Safety and Correctional Services is undoubtedly an arm of the state for purposes of § 1983" and therefore "immune from a suit under § 1983." (citing *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280–81 (1977))). Consequently, Gant fails to state a claim under § 1983 against DPSCS. *See Will*, 491 U.S. at 64–65 & 70–71; *Lawson*, 2017 WL 3638431, at *4; *Kelly*, 2017 WL 2506169, at *4. All claims against DPSCS are dismissed.

<u>Exhaustion of Administrative Remedies</u>

Defendants raise the affirmative defense that Gant has failed to exhaust his administrative remedies. If Gant's claims have not been properly presented through the administrative remedy procedure, they must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e. The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he phrase 'prison conditions' encompasses 'all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)), *aff'd*, 98 F. App'x 253 (4th Cir. 2004).

A claim that has not been exhausted may not be considered by this Court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007). In other words, exhaustion is mandatory. *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). Therefore, a court ordinarily "may not excuse a failure to exhaust." *Id.* at 1856 (*citing Miller v. French*, 530 U.S. 327, 337 (2000) (explaining that "[t]he mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion")). Moreover, "[e]xhausting administrative remedies after a complaint is filed will not prevent a case from being dismissed for failure to exhaust administrative remedies. Exhaustion is a precondition to filing suit in federal court." *Kitchen v. Ickes*, 116 F. Supp. 613, 624-25 (D. Md. 2015) (internal citation omitted).

For most grievances filed by Maryland state prisoners, filing a request for administrative remedy ("ARP") with the prison's managing official is the first of three steps in exhausting administrative remedies as required under § 1997e(a). *See* Code of Md. Regs. ("COMAR"), tit. 12 § 07.01.04.[1] An inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a).

Gant does not dispute that he failed to do anything more than the initial step of filing an ARP. He did not appeal the response by the warden to the Commissioner of Correction, nor did he file a complaint with the IGO. Defendants' assertion that he failed to do so is supported by a declaration under oath from Russell Neverdon, the Executive Director of the IGO, indicating that no complaints from Gant have been filed with the agency. Neverdon Decl., ECF No. 13-6. The

---

[1] While there are exceptions, none applies here. *See Massey v. Galley*, 898 A.2d 951, 958 (Md. 2006); *Abramson v. Corr. Med. Servs., Inc.*, 753 A.2d 501 (Md. 2000); *Dixon v. DPSCS*, 927 A.2d 445 (Md. Ct. Spec. App. 2007).

complaint is thus subject to dismissal without prejudice for failure to exhaust administrative remedies. Thus, the complaint as to Defendants Jordan, Fashae, and Olakanye shall be dismissed without prejudice.

A separate Order follows.

8/13/18
Date

Paul W. Grimm
United States District Judge